IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL N.B. ATTAWAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-1565-SPM |
| | ) |
| **C/O GLOVER,** | ) |
| **and JOHN DOES 1 AND 2,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Michael Attaway's numerous Motions (Docs. 9, 11, 12, 13,14) to vacate the orders that led to the dismissal of this case. Plaintiff, a former inmate of the Illinois Department of Corrections, filed this lawsuit on June 21, 2024, concerning issues with his previous confinement. At the time of filing, he applied for in forma pauperis status. On July 8, 2024, he submitted a completed consent form. (Doc. 5). Hearing nothing further from Plaintiff, on November 12, 2024, the Court ordered Plaintiff to show cause about his desire to proceed in this matter, noting that it was one of approximately 22 cases that he had filed in this District within a one-year period, and that he had recently abandoned many cases. Plaintiff was warned that if he did not respond, the case would be dismissed for failure to prosecute. (Doc. 6). On December 10, 2024, the case was dismissed for failure to prosecute, Plaintiff was advised of his right to appeal, and judgment was entered. On March 31, 2025, Plaintiff filed 6 documents all seeking to revive this case.

Plaintiff argues that he should be allowed to reopen this case in reliance on Federal Rule of Civil Procedure 60(b). Specifically, he argues that his inability to keep up with the case should

be treated as excusable neglect because he did not have the financial means to maintain the case. (Doc. 9 at 2). He also argues that the Court committed error in this case when it indicated at docket entry 4 that the case would be subject to initial review under 28 U.S.C. § 1915A, because those standards apply to inmate-filed cases, whereas he was no longer incarcerated when he filed. (Doc. 13).

Relief under Federal Rule of Civil Procedure 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)). Rule 60(b) relief is not warranted based on a litigant's own lack of diligence in pursuing a matter. *See e.g., Henthorn v. Fish*, 2024 WL 1702894 at * 2 (S.D. Ind. Apr. 18, 2024) (finding that an inmate's own lack of diligence did not provide a basis for 60(b) relief), *citing McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir. 1988) (a litigant's own carelessness or lack of diligence does not provide a basis for relief under Rule 60(b)).

When considering excusable neglect, the Court balances "the danger of prejudice..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758-59 (7th Cir. 2015). "Pro se litigants do not enjoy 'unbridled license to disregard clearly communicated court orders' and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *De Falco v. Oak Lawn Pub. Libr.*, 25 Fed. App'x 455, 457 (7th Cir. 2001) (citing *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)); *see also Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2000) ("[W]e note that a litigant's pro se status does not afford license to disobey orders from this court."). The Seventh Circuit has stated: "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Emp. Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993) (*quoting Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)).

Here, Plaintiff claims that financial hardship prevented him from pursuing this case, but he obviously had the means to file the case after his release from prison, and to file a consent form. He does not provide any proof of the circumstances that made it impossible for him to respond to the Order to Show Cause. Plaintiff was aware, given his significant litigation history before this Court, of needing to follow and comply with Court deadlines. Yet, in this case, Plaintiff failed to keep up with things and did not inform the Court that he was facing any sort of difficulty. Rule 60(b) relief is not warranted based solely upon a litigant's lack of diligence. Plaintiff also has not demonstrated any error warranting correction based upon the Court's citation of the standards of review under 28 U.S.C. § 1915A because the Court ultimately never took any action in reliance on this provision. And even if it had, the standards of review under § 1915A and § 1915(e)(2)(B) (review for sufficiency of in forma pauperis pleadings) are the same, and Plaintiff would have

qualified for review under § 1915(e).  Thus, Plaintiff has not put forth any error warranting correction, and his pending Motions (Docs. 9, 11, 12, 13, 14) are **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: June 26, 2025**

                                             *s/ Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**